**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

JOHN DOE,[1]

             Appellant,

       v.

PENSION BENEFIT GUARANTY
   CORPORATION,

             Agency.

DOCKET NUMBER
DC-0752-14-1130-I-1

DATE: September 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>John Doe</u>, Clinton, Maryland, pro se.

<u>Katherine Leong</u> and <u>Paul Chalmers</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] While the appellant did not request John Doe status in this appeal, we have granted the appellant's request for anonymity in previous Board appeals. Accordingly, we find it appropriate to allow the appellant to proceed anonymously and grant her John Doe status sua sponte.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed this appeal pursuant to the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action. *E.g.*, *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988). The Board clarified in *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005), that the fourth prong requires that the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented. The dismissal of a Board appeal on timeliness grounds can be given collateral estoppel effect if the elements of that doctrine are established. *E.g.*, *Allen v. Office of Personnel*

*Management*, [77 M.S.P.R. 212](77 M.S.P.R. 212), 221 n.5 (1998); *Nebblett v. Office of Personnel Management*, [73 M.S.P.R. 342](73 M.S.P.R. 342), 347 & n.2 (1997) (finding that the administrative judge's dismissal of a prior appeal on the basis of untimeliness, which became the Board's final decision, was a collateral estoppel bar to a subsequent appeal of the same Office of Personnel Management reconsideration decision), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

¶3    The appellant previously filed a July 17, 2013 appeal of her May 11, 2011 removal, which the assigned administrative judge found untimely filed without good cause shown. *Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-13-1225-I-1, Initial Decision (Nov. 29, 2013); *see* Initial Appeal File (IAF), Tab 4 at 11-30. The appellant filed a petition for review and the Board affirmed that initial decision, making it the Board's final decision on the timeliness of the appellant's appeal of her May 11, 2011 removal. *Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-13-1225-I-1, Final Order (July 31, 2014); *see* IAF, Tab 4 at 32-45; [5 C.F.R. § 1201.113](5 C.F.R. § 1201.113)(b). This appeal, docketed on September 30, 2014, also concerns the appellant's May 11, 2011 removal. IAF, Tabs 1, 3, 8. The agency moved to bar the appeal on the basis of collateral estoppel. IAF, Tab 4. In his initial decision, the administrative judge granted the agency's motion and barred the appeal on that basis. IAF, Tab 9, Initial Decision (ID) at 3.

¶4    In her timely filed petition for review,[3] the appellant contends, among other things, that she was denied a hearing and the opportunity to call witnesses. Petition for Review (PFR) File, Tab 6 at 2. She mentions the timeliness issue in that context, *id.* at 6, but fails to address the elements of collateral estoppel. Moreover, the appellant offers no argument or evidence which could establish

---

[3] The appellant requested three extensions of the time limit for filing her petition for review. Petition for Review (PFR) File, Tabs 1, 3, 5. The Clerk of the Board granted the appellant's first two requests, and she timely filed her petition for review before the expiration of the second extension. PFR File, Tabs 2, 4, 6.

that the administrative judge assigned to her prior appeal erred in deciding the timeliness issue or that could otherwise show that her prior appeal was either timely filed or that could show good cause existed for her delay in filing. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 8.

¶5      We agree with the administrative judge that the identical issue of the timeliness of the appellant's appeal of her May 11, 2011 removal was actually litigated in her prior appeal, the resolution of that issue was necessary to the resulting final judgment in that appeal, and the appellant was fully represented therein. ID at 3. Accordingly, we affirm the administrative judge's dismissal of this action as barred by the doctrine of collateral estoppel.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.